# CIRCUIT COURT OF THE CITY OF RADFORD

Times-World Corporation,
d/b/a The Roanoke Times

v.

City of Radford

December 1, 2009

Case No. CL08-3769

BY JUDGE JOSIAH T. SHOWALTER, JR.

This action comes before the Court upon a complaint by Times-World, publisher of the *Roanoke Times* newspaper, claiming that the City of Radford was non-responsive to its requests for public records submitted pursuant to Virginia's Freedom of Information Act, Virginia Code § 2.2-3700 *et seq.* The requests, dated August 20, 2008, and September 16, 2008, were submitted by Tim Thornton on behalf of Times-World and, among other information, requested all requests submitted to the City of Radford under the Freedom of Information Act ("FOIA") between June 15, 2008, and September 16, 2008.

In response to this request, Jim Guynn, as counsel for the City of Radford, produced redacted versions of two FOIA requests submitted by Ms. Rebecca Hawke, one dated July 31, 2008, and the other dated August 22, 2008. Mr. Guynn claimed the redactions were performed pursuant to exclusions under FOIA for "personnel files." Times-World seeks access to those redacted portions of the FOIA requests. Ms. Rebecca Hawke, an employee of the City of Radford, waived her confidentiality in regards to these requests.

554

Additionally, the Court reviewed the unredacted documents *in camera*. By Court Order, the unredacted documents were produced, under seal, to the Court so that the Court could review the documents, in their entirety, in rendering its decision.

Virginia Courts have recognized that FOIA broadly affords citizens a right of access to government information. It declares (i) that all public records shall be presumed open, unless an exemption is properly invoked; (ii) that its provisions are to be liberally construed to effectuate its purposes; (iii) that its statutory exclusion exempting certain records from disclosure are to be narrowly construed; and (iv) that no public record shall be withheld unless specifically made exempt. *McChrystal v. Fairfax County*, 67 Va. Cir. 171, 174 (2005). Moreover, as it relates to this case, the City of Radford has the burden to prove the existence of a statutory exclusion. *Ibid.* at 183.

The City of Radford alleges that the FOIA requests were properly redacted because the portions redacted were exempt as personnel files under § 2.2-3705.1. The FOIA requests made by Ms. Hawke referred to a complaint she had made to the City and specifically named other City employees as the subject of that complaint The City contends that, because the request was in writing and identified individual City employees in the context of a particular complaint, the request became part of the City personnel records.

While the Court recognizes that the City has an interest in protecting the privacy of its employees, the City of Radford has failed to meet its burden under FOIA to justify the redacting of the above-noted requests. Section 2.2-3705.1 of the Code of Virginia allows the exclusion of "personnel records" from FOIA requests. More importantly, not all such records are excluded, but only those containing identifiable individuals. The legislature clearly wished for the exclusion of such records to be narrowly construed The City has not presented a compelling argument to construe a FOIA request becoming part of "personnel records" for purposes of the FOIA exclusion merely because the requests make reference to individual city employees. Therefore, the names of the two individuals were improperly excluded from the City of Radford's response to the Times-World requests of August 20 and September 16, 2008.

Ms. Hawke made two FOIA requests that are the subject of the case at bar. The first, dated July 31, 2008, is a straightforward request for particular information addressed to the mayor. The second request, dated August 22, 2008, is a letter to Mr. Guynn, counsel for the City of Radford, The letter clearly addresses Mr. Guynn in his capacity as counsel for the City and takes issue with his legal opinion regarding the earlier FOIA request. Ms. Hawke's letter is approximately two and one-half pages in length. The greater part of the letter consists of Ms. Hawke's discussion of the legal issues of her earlier

FOIA request On the third page of the letter, Ms. Hawke concludes her attempt to persuade Mr. Guynn to reconsider and states," In light of this reasoning, I am resubmitting my Freedom of Information Act request. . . ." Ms. Hawke clearly delineated her FOIA request from the remainder of her letter to Mr. Guynn.

Mr. Thornton's requests pursuant to FOIA (Plaintiff's Exhibits 1 and 4) seek "[A]ny and all requests submitted to the city, any of its departments or representatives." Mr. Thornton's requests did not seek to obtain access to Mr. Guynn's correspondence. In the opinion of the Court, the City properly redacted the portion of Ms. Hawke's letter to Mr. Guynn that was not specifically a FOIA request. Accordingly, the Court declines to rule on whether the redactions in Ms. Hawke's August 22 letter to Mr. Guynn were proper under § 2.2-3705.3(3) or any other provision.

Ms. Hawke's FOIA requests should not be considered as "personnel records" and were improperly redacted to remove names of individuals. To hold otherwise would be contrary to the admonition of the legislature as expressed in § 2.2-3700 *et seq.* that "statutory exclusions exempting certain records from disclosure are to be *narrowly* construed." (Emphasis added).

For the foregoing reasons, the writ of mandamus should be issued compelling full disclosure of the content of the FOIA requests by Ms. Hawke from July 31, 2008, and August 22, 2008; however, Times-World cannot obtain the portion of Ms. Hawke's letter to Mr. Guynn that was not specifically a FOIA request, as the Times-World request did not seek to obtain access to Mr. Guynn's correspondence.